UNITED STATES DISTRICT COURT
WESTERN DISTRCT OF NEW YORK

ESSENCE TAYLOR and DANIEL CASHMAN
*on behalf of themselves and all other employees similarly
situated,*

                                        *Plaintiffs,*

            v.

BENDERSON PROPERTIES, INC., DELTA-SONIC
CAR WASH SYSTEMS, INC., and RONALD
BENDERSON,

                                        *Defendants.*

**DEFENDANTS' ANSWER TO
PLAINTIFFS' CLASS AND
COLLECTIVE ACTION
COMPLAINT**

Civil Action No.
6:14-cv-06698-MAT

As and for their Answer to Plaintiffs' "Class and Collective Action Complaint" [hereafter "Complaint"], Defendants admit, deny, and aver as follows:

Plaintiffs' introductory, unnumbered paragraph generally describes the parties and the purpose of the lawsuit and, under the Federal Rules of Civil Procedure, does not require an answer. However, Plaintiffs have inappropriately and incorrectly defined the three separate named Defendants as "collectively, 'Delta Sonic' or 'Defendants,'" making it extremely difficult to craft accurate answers to the paragraphs in the Complaint without, on every occasion, specifically stating which Defendant has knowledge or responsibility in the alleged circumstances and is able to respond and which does not. Accordingly, unless specifically stated otherwise, all references to "Defendants" in the Complaint will be treated as referencing *only* Delta Sonic Car Wash, Inc., the entity that employed the named Plaintiffs and the putative class and collective-action members, *and* Ronald Benderson. Unless otherwise stated, the other named Defendant (Benderson Properties, Inc.) should be understood to be responding to each and every paragraph of the Complaint, except those stating legal conclusions, in the following manner: "Defendant denies knowledge or information sufficient to form a belief as to the truthfulness of this paragraph and therefore denies each and every allegation therein." As to those paragraphs stating legal conclusions,

- 1 -

the response of such Defendant should be understood to be as follows:  "No answer is required from Defendant to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendant denies all such allegations."

The specific answers of Defendants Delta Sonic and Ronald Benderson [hereafter "Defendants"] to each allegation in the Complaint appear below, with numbers corresponding to the numbered Paragraphs in the Complaint.

1.      Defendants admit that this Paragraph describes some of the duties of Delta Techs and that some employees have the ability to earn tips based on customer satisfaction, but otherwise deny the remaining allegations in this Paragraph.

2.      Defendants admit that some Delta Sonic employees are required to wear certain clothing and that on occasion it supplies some of that clothing, but otherwise deny the remaining allegations in this Paragraph.

3.      No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

4.      No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

5.      Defendants deny the allegations in this Paragraph.

6.      Defendants deny the allegations in this Paragraph.

7.      Defendants deny the allegations in this Paragraph.

8.      Defendants deny the allegations in this Paragraph.

9.      Defendants deny the allegations in this Paragraph.

10.     No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

8461311

11.     No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

12.     No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

13.     Defendants deny the allegations in this Paragraph.

14.     Defendants deny the allegations in this Paragraph.

15.     Defendants deny the allegations in this Paragraph.

16.     Defendants deny the allegations in this Paragraph.

17.     Defendants deny the allegations in this Paragraph.

18.     Defendants deny the allegations in this Paragraph.

19.     Defendants deny the allegations in this Paragraph.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

22.     Defendants deny the allegations in this Paragraph.

23.     Defendants deny the allegations in this Paragraph.

24.     Defendants deny the allegations in this Paragraph.

25.     Defendants deny the allegations in this Paragraph.

26.     Defendants deny the allegations in this Paragraph.

27.     Defendants deny the allegations in this Paragraph.

28.     Defendants admit knowledge of all applicable and relevant federal laws, aver that they have complied therewith, and otherwise deny the remaining allegations in this Paragraph.

29.     Defendants deny the allegations in this Paragraph.

30.     Defendants deny the allegations in this Paragraph.

31.     Defendants deny the allegations in this Paragraph.

8461311

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding Taylor's residence, but otherwise admit the remaining allegations in this Paragraph.

33.     Defendants admit the allegations in this Paragraph.

34.     Defendants admit the allegations in this Paragraph.

35.     Defendants admit that Delta Sonic utilized the tip credit allowance under appropriate circumstances with qualifying employees, and otherwise deny the remaining allegations in this Paragraph.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph regarding Cashman's residence, but otherwise admit the remaining allegations in this Paragraph.

37.     Defendants admit that Cashman worked for Delta Sonic at the car wash centers in Irondequoit and Penfield, New York, and otherwise deny the remaining allegations in this Paragraph.

38.     Defendants admit the allegations in this Paragraph.

39.     Defendants admit that Delta Sonic utilized the tip credit allowance under appropriate circumstances with qualifying employees, and otherwise deny the remaining allegations in this Paragraph.

40.     Defendants deny the allegations in this Paragraph.

41.     Defendants deny the allegations in this Paragraph.

42.     Defendants deny the allegations in this Paragraph.

43.     Defendants admit that employees working in certain positions at Delta Sonic have a work schedule that fluctuates depending on the particular season, but Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny the same.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

45.     Defendants admit the allegations in this Paragraph except deny that the clothing described therein constitutes a "uniform."

- 4 -

8461311

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

47.     Defendants aver that they complied with all uniform maintenance and cleaning requirements established by law, and otherwise deny all the remaining allegations in this Paragraph.

48.     Defendants deny the allegations in this Paragraph.

49.     Defendants admit that employees working in certain positions at Delta Sonic have a work schedule that fluctuates depending on the particular season, and Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore deny the same.

50.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

51.     Defendants admit the allegations in this Paragraph except deny that the clothing described therein constitutes a "uniform."

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

53.     Defendants aver that they complied with all uniform maintenance and cleaning requirements established by law, and otherwise deny the remaining allegations in this Paragraph.

54.     Defendants deny the allegations in this Paragraph.

55.     Defendants admit the allegations in this Paragraph.

56.     Defendants admit the allegations in this Paragraph.

57.     Defendants deny that they are a full service car wash but admit the remaining allegations in this Paragraph.

58.     Defendants admit the allegations in this Paragraph.

59.     Defendants admit the allegations in this Paragraph.

60.     Defendant Benderson Properties, Inc. ["BPI"] admits the allegations in this Paragraph, and the other Defendants deny knowledge or information sufficient to

8461311

form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

61.     Defendant BPI [presumably the Defendant referred to in the Complaint as "BDI"] denies the allegations in this Paragraph, and the other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

62.     Defendant BPI denies the allegations in this Paragraph, and the other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

63.     Defendant BPI denies the allegations in this Paragraph, and the other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

64.     Defendant BPI and the other Defendants deny the allegations in this Paragraph.

65.     Defendant BPI admits all the allegations in this Paragraph, and the other Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph and therefore deny the same.

66.     Defendant BPI and the other Defendants deny the allegations in this Paragraph.

67.     Defendant BPI and the other Defendants deny that Delta Sonic is a subsidiary of Defendant BPI, and the other Defendants admit the remaining allegations in this Paragraph.

68.     Defendant BPI and the other Defendants deny that Delta Sonic is wholly owned and controlled by BPI and Defendant Ronald Benderson, and all Defendants admit the remaining allegations in this Paragraph.

69.     Defendants deny the allegations in this Paragraph.

70.     Defendants admit the allegations in this Paragraph.

8461311

71.     Defendants admit that Delta Sonic provides some of the services listed in this Paragraph at some locations, but otherwise denies the remaining allegations in this Paragraph.

72.     Defendants admit that Delta Sonic owns and operates 28 car wash centers, with 18 of those located in New York State, but Defendant BPI and the other Defendants otherwise deny the remaining allegations in this Paragraph.

73.     Defendants admit the allegations in this Paragraph.

74.     Defendants admit the allegations in this Paragraph.

75.     Defendants admit the allegations in this Paragraph.

76.     Defendants admit that Delta Sonic has a centralized Human Resources team based in Buffalo, New York, but otherwise deny the remaining allegations in this Paragraph.

77.     Defendants admit the allegations in this Paragraph.

78.     Defendants admit that they have a centralized payroll system for Delta Sonic's 28 car wash center locations, and that Delta Sonic has a fluctuating work force, but otherwise deny the remaining allegations in this Paragraph.

79.     Defendant BPI and the other Defendants deny the allegations in this Paragraph.

80.     Defendants deny the allegations in this Paragraph.

81.     Defendant BPI and the other Defendants deny that Defendant Ronald Benderson is the Chief Executive Officer of BPI, but otherwise admit the remaining allegations in this Paragraph.

82.     Defendants admit that Defendant Ronald Benderson has some responsibility over Delta Sonic, but otherwise deny the remaining allegations in this Paragraph.

83.     Defendants admit that Defendant Ronald Benderson has responsibility for implementing certain business decisions pertaining to Delta Sonic's car wash locations, but Defendants otherwise deny the remaining allegations in this Paragraph.

84.     Defendants admit the allegations in this Paragraph.

- 7 -

85. Defendants admit that Defendant Ronald Benderson uses an open door policy with Delta Sonic employees and has filled some leadership positions from within Delta Sonic, but Defendants otherwise deny the remaining allegations in this Paragraph.

86. Defendants deny the allegations in this Paragraph.

87. Defendants deny the allegations in this Paragraph.

COUNT I

88. Defendants deny the allegations in this Paragraph.

89. Defendants deny the allegations in this Paragraph.

90. Defendants deny the allegations in this Paragraph.

91. Defendants deny the allegations in this Paragraph.

92. No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

93. No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

94. Defendants deny the allegations in this Paragraph.

95. Defendants deny that their books and records are material to Plaintiffs' action, but Defendants otherwise admit the remaining allegations in this Paragraph.

96. Defendants deny the allegations in this Paragraph.

COUNT II

97. Defendants BPI and the other Defendants repeat and incorporate herein their answers to Paragraphs 1-96 of the Complaint.

98. Defendants deny the allegations in this Paragraph.

99. Defendants deny the allegations in this Paragraph.

100. Defendants aver that they complied with all uniform maintenance and cleaning requirements established by law, and otherwise deny all the remaining allegations in this Paragraph.

- 8 -

8461311

101.    Defendants deny the allegations in this Paragraph.

102.    No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

103.    No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

104.    Defendants deny the allegations in this Paragraph.

105.    Defendants deny that their books and records are material to Plaintiffs' action, but Defendants otherwise admit the allegations in this Paragraph.

106.    Defendants deny the allegations in this Paragraph.

<u>COUNT III</u>

107.    Defendants BPI and the other Defendants repeat and incorporate herein their answers to Paragraphs 1-106 of the Complaint.

108.    No answer is required from Defendants to the allegations in this Paragraph because they state legal conclusions or arguments, not factual allegations, but, to the extent that an answer may be required, Defendants deny all such allegations.

109.    Defendants admit the allegations in this Paragraph.

110.    Defendants deny the allegations in this Paragraph.

111.    Defendants deny the allegations in this Paragraph.

112.    Defendants deny the allegations in this Paragraph.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

A.      The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

B.      The Complaint fails to satisfy the standards of FRCP 8(a).

C.      The Complaint should be dismissed on grounds of laches, estoppel, and waiver.

D.      The Complaint should be dismissed, in whole or in part, for failure to meet the applicable Statutes of Limitation.

- 9 -

E.      The Court does not have subject matter jurisdiction over one or more of Plaintiffs' claims.

F.      BPI is not a proper defendant in this action, because BPI is not now, and has never been, the employer of any of the listed Plaintiffs nor of any member of the purported class of Plaintiffs.

G.      Plaintiffs lack standing to bring their claims in this action against BPI because Plaintiffs are not now, and have never been, employed by BPI.

H.      Plaintiffs lack standing to pursue injunctive relief.

I.      Defendants made complete and timely wage payments of all wages due and reasonably believed in good faith that they had complied with all applicable labor laws, including those requiring that certain notices and statements be given to employees.

J.      Plaintiffs have not stated facts sufficient to warrant certification of the requested class in this case, because (i) Plaintiffs are not adequate representatives of the class they wish to represent, (ii) individual issues and/or remedies predominate over the purported class-wide issues, (iii) Plaintiffs' own individual claims are not representative of, and do not share commonality with, those of the proposed class, and (iv) the proposed class is not so numerous as to make individual joinder of the proposed class members impracticable.

K.      Certification of the proposed class in this case, or treatment of the individual named and unnamed employees in this case as a class, would violate BPI's and other Defendants' right to procedural due process under the Fourteenth Amendment to the United States Constitution and under the Constitution of the State of New York.

L.      By listing an affirmative or additional defense herein, BPI and other Defendants do not concede that they bear the burden of proof with regard to any such defense.

M.      Additional defenses may become apparent to BPI and other Defendants during further proceedings, including discovery, in this case, and BPI and other

8461311

Defendants reserve the right to request later amendment of their Answer to include such defenses.

WHEREFORE, having fully answered all allegations in Plaintiffs' Complaint, Defendant BPI and the other Defendants ask this Court to dismiss the Complaint and award said Defendants their costs, including attorneys' fees, as may be just and proper under the law.

DATED this 26th day of January, 2015.

STEPTOE & JOHNSON LLP

By _____

Cecelia Fanelli
Steven D. Wheeless (*Pro Hac Vice pending*)
Lawrence Allen Katz (*Pro Hac Vice pending*)
Erin Norris Bass (*Pro Hac Vice pending*)
1114 Avenue of the Americas
New York, NY 10036

Attorneys for Defendants

- 11 -

8461311

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2015, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Justin M. Cordello
> CORDELLO LAW PLLC
> 693 East Avenue
> Suite 220
> Rochester, NY 14607
> (585) 857-9684
> justin@cordellolaw.com
>
> Robert L. Mullin
> FERR & MULLIN
> 7635 Main Street Fishers
> P.O. Box 440
> Fishers, NY 14453
> (585) 869-0210
> rlmullin@ferrmullinlaw.com
>
> Attorneys for Plaintiff

8461311